# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION OF LONDON

| | |
|---|---|
| EAGLE MINING, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:14CV00105-ART |
| ELKLAND HOLDINGS, LLC, | ) |
| Defendant. | ) |

## EAGLE'S OPPOSITION TO ELKLAND'S MOTION TO STAY

Eagle Mining, LLC ("Eagle") opposes Elkland Holdings, LLC's ("Elkland") Motion to Stay or, in the Alternative, for an Order Holding All Further Actions Regarding Defendant's Motion to Partially Vacate or Modify in Abeyance ("Elkland's Motion to Stay") for the reasons stated below:

**A.      Summary.**

Elkland's "pile-on" Motion to Stay merely restates the relief requested in its pending Motion to Dismiss for Lack of Personal Jurisdiction and to Transfer Venue. **(ECF 15)**. The Motion is procedurally improper, makes no sense, and fails to follow 9 U.S.C. § 12, upon which it purports to be based. It essentially assumes that this Court is unaware of the docket entries in this matter, which include both Elkland's Complaint to enforce the Arbitration Award **(ECF 1)**, and Elkland's Motion to Vacate the same Arbitration Award. **(ECF 21)**, such that this Court might accidentally grant Eagle's underlying Complaint without properly considering Elkland's contrary Motion to Vacate.

The reasons why Elkland's poorly conceived Motion to Stay must be denied are legion:

1. It sets up a fundamental premise of underlying concern that simply does not exist (i.e., the idea that an order could be entered confirming the Arbitration Award without proper consideration of Elkland's objections. There is no plausible concern that this Court will grant Eagle's requested confirmation of the underlying Arbitration Award without considering Elkland's arguments in opposition set forth in its Motion to Partially Vacate. Elkland has already filed and briefed its Motion to Partially Vacate the Award in this action **(ECF 21)** and Eagle has filed its Opposition to that Motion **(ECF 23).** Elkland departs from reality when it somehow translates this procedural posture into a threat of "irreparable injury," whereby it would be "deprived of the opportunity to challenge the Award." (**ECF 22-1**, at 7). It has already done so in this Court.

2. Elkland's Motion to Stay ventures beyond the statutory parameters of 9 U.S.C. § 12, seeking to stay its own Motion to Partially Vacate, which is plainly not allowed by the statute, which deals with staying actions to "enforce the award."

3. It makes no effort to follow the procedures set forth in 9 U.S.C. § 12, which provide that an order staying other actions by the "adverse party [Eagle] to enforce the award" are to be served with the notice of motion to vacate (which Elkland filed days before even filing the current Motion to Stay).

4. It seeks to further extend the statutory parameters of 9 U.S.C. § 12, asking that this Court simply defer to the competing West Virginia proceeding that Elkland filed, (missing the point that this Court must decide the pending first-to-file issue, not defer by staying). Under the first-to-file rule, there is no reason for this Court to defer to the second-filed West Virginia action, and it is an issue that is decided by this Court in any event.

5. Rather than citing even a single case applying 9 U.S.C. § 12, Elkland simply rehashes its pending jurisdictional arguments, all of which are thoroughly debunked in Eagle's prior filings, to wit:

  a. Elkland participated in the conduct of the arbitration in Kentucky.

  b. This Court has personal jurisdiction over Elkland because: Elkland agreed to participate in the arbitration in Kentucky, and Elkland's representatives reached into Kentucky, recruited Eagle's principals, and substantially negotiated the Contract Mining Agreement ("CMA") in Kentucky. The CMA provided for Elkland to pay Eagle by depositing funds in Eagle's Kentucky bank account. Elkland made such deposits over five years.

  c. Venue is proper in Kentucky because the arbitration was conducted in Kentucky.

  d. Eagle's action to confirm the award in Kentucky is authorized by CMA §26 ("judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof"), AAA Commercial Arbitration Rule R-48(c), and 9 U.S.C. § 9 of the Federal Arbitration Act. The Arbitrator conducted evidentiary proceedings in Kentucky and Colorado. For purposes of 9 U.S.C. § 9, the Award was made in Kentucky. No part of the arbitration proceedings were conducted in West Virginia.

  e. Venue is also proper under 28 U.S.C. § 1391.

  f. Eagle filed this action in Kentucky a full month before Elkland filed its West Virginia action.

There is no reason to delay the resolution of this Action. Eagle is cash starved and owes its trade creditors substantial sums. The confirmation of an arbitration award is intended to be a

3

26309/2/6734773v1

summary process conducted through motions practice. To the extent necessary, Eagle expects to file a motion for summary judgment for entry of judgment on the Arbitration Award**.**

B.    **Statement of the Case**.

1.    **This Kentucky Action**.

Eagle filed its Complaint seeking entry of judgment on the Arbitration Award in this Court on March 19, 2014. **(ECF 1).** Elkland filed its Motion to Dismiss for Lack of Personal Jurisdiction and to Transfer Venue on April 18, 2014. **(ECF 15).** Eagle filed its Opposition to Elkland's Motion to Dismiss. **(ECF 17).** Elkland's Motion to Dismiss was submitted to chambers for decision on May 20, 2014. Elkland then filed its Motion to Partially Vacate and Modify Arbitration Award on June 16, 2014. **(ECF 21).** And, Eagle filed its Opposition to Elkland's Motion to Partially Vacate on July 10, 2014. **(ECF 23.)**

2.    **The West Virginia Action**.

A month later, and without disclosing the existence of the Kentucky Action, Elkland filed its Petition to Partially Vacate and Modify Arbitration Award in West Virginia on April 18, 2014. (Elkland Holdings, LLC v. Eagle Mining, LLC, CA No. 2:14-cv-15043, Southern District of West Virginia (the "West Virginia Action")) **(W.Va. ECF 1;** Copy attached as Exhibit 1).[1] Elkland's West Petition in West Virginia mirrors the relief it seeks here, asking that Court to partially vacate the Arbitration Award on the same exact grounds reflected in its Motion to Partially Vacate filed in this Kentucky Action. Eagle filed its Motion to Dismiss the West Virginia Action on June 2, 2014. **(W.Va. ECF 13, 14 and 22;** Exhibits 2, 3 and 4), citing the

---

[1] A district court can take judicial notice of pleadings in another district court under Fed. R. Evid. 201; Portman v. Wilson, 2010 U.S. Dist. LEXIS 74333 at *8-9 (E.D. Ky., July 19, 2010) (taking judicial notice of pleadings filed on PACER). Copies of the West Virginia pleadings referenced in this Opposition are attached without exhibits. The exhibits are available on the West Virginia Court's ECF system. This memorandum refers to the pleadings in the West Virginia Action as "W. Va. ECF _____").

first-to-file rule and FRCP 12(b)(6). The parties have completed briefing on Eagle's Motion to Dismiss.

Elkland filed a subsequent Motion to Partially Vacate in the West Virginia Action (on the same grounds asserted in its duplicate motion in this Kentucky Action) on June 16, 2014. **(W.Va. ECF 16;** Exhibit 5). Elkland did not advise the West Virginia court that it had filed a duplicate Motion to Partially Vacate in this Court. Eagle filed its Opposition to Elkland's Motion to Partially Vacate on July 3, 2014. **(W.Va. ECF 23;** Exhibit 6**).**

C.     **The First-to-File Rule.**

In Outdoor Venture Corporation v. Ronald Mark Associates, Inc., 2013 U.S. Dist. LEXIS 68993 (E.D. Ky., May 15, 2013), this Court (Judge David L. Bunning) applied the first-to-file rule and proceeded with the first-filed action in Kentucky. There, the plaintiff filed an action in Kentucky and the defendant filed an action involving the same facts seven days later in New Jersey. Id. at 5-6. The Court stated:

> **Most importantly, the Court finds that, under the first-to-file rule, the Court should proceed with the action filed in Kentucky.** The actions filed in both Kentucky and New Jersey involve the contractual dispute between OVC and RMA. OVC originally filed its complaint in state court in Kentucky on December 3, 2012. RMA filed its suit in the District of New Jersey on December 10, 2012. RMA then removed OVC's suit to the Eastern District of Kentucky on January 14, 2013. Under the first-to-file rule, the date that the original complaint is filed controls and, where the original complaint was filed in state court and then removed to federal court, the court should refer to the date the complaint was filed in the state court. See Zide Sport Shop of Ohio, 16 F. App'x. at 437; Igloo Products Corp., 735 F. Supp. at 217. Therefore, OVC's action was filed on December 3, 2012, seven days before RMA's action was filed in New Jersey. Further, there are no indications that RMA's action was filed under extraordinary circumstances or was the result of inequitable conduct or bad faith on OVC's part. See Zide Sport Shop of Ohio, 16 F. App'x at 437. **Applying the first-to- file rule, this Court should therefore proceed to judgment.**

5

Id. at 5-6 (emphasis added).

This analysis notes that the two competing actions involve the same parties and the same issues. This Court concluded to proceed with the first-filed Kentucky action. See also, Portman v. Wilson, 2010 U.S. Dist. LEXIS 73433 at *14 (E.D. Ky., Jul. 19, 2010) applying first- to-file rule: "when a substantially similar matter is pending in two federal courts, the 'first-to-file' rule determines which court should proceed to judgment. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment. The first-to-file rule is an equitable rule, and a discretionary one. The rule encourages comity among federal courts of equal rank." (Internal citations omitted); Crestwood Farm Bloodstock, LLC v. Everest Stables, Inc., 2010 U.S. Dist. LEXIS 1028 (E.D. Ky., Jan. 7, 2010) (applying first-to-file rule); Geostar Corporation v. Axis Reinsurance Company, 2009 U.S. Dist. LEXIS 100733 (E.D. Ky., Oct. 29, 2009) ("For this Court, there is no doubt that the Michigan action and the present action, filed in two different district courts, involve nearly identical parties and issues. Accordingly, the first-filed case should proceed.")

**D.    Application of the First-to-File Rule.**

This Court should apply the first-to-file rule, deny Elkland's Motion to Stay, and proceed with deciding this Kentucky Action, for the following reasons:

1.    Venue is proper in Kentucky under CMA §26 ("judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof."); AAA Commercial Arbitration Rule R-48(c) ("Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.") and 9 U.S.C. § 9 ("If no court is specified in the agreement of the

parties, then such application may be made to the United States court in and for the district within which such award was made.")

In fact, the Eastern District of Kentucky is the only district specifically authorized by 9 U.S.C. § 9 as a proper venue. Other districts may be available, but Kentucky is where the arbitration proceeding was conducted and where the Award was made for purposes of 9 U.S.C. § 9. No part of the arbitration proceedings were conducted in West Virginia.

2. Eagle filed this Kentucky Action on March 19, 2014, thirty days before Elkland filed its competing West Virginia Action on April 18, 2014.

3. The two cases involve the same parties and present identical issues.

4. Elkland's Motion to Stay seeks to delay the inevitable entry of a judgment on the Award. Elkland is well aware of Eagle's financial problems. Elkland's endless and duplicative litigation is consistent with its long-running attempt to "starve the village."

5. Eagle has not engaged in any inequitable behavior. Eagle is the natural plaintiff in seeking to confirm the Award. The parties are properly aligned.

6. The Arbitration was conducted in Kentucky, not West Virginia. For purposes of 9 U.S.C. §9, the Award was made in Kentucky, not West Virginia. See Eagle's Opposition, pp. 30-31 **(ECF 17).**

7. This Court has personal jurisdiction over Elkland for the reasons stated in Eagle's Opposition to Elkland's Motion to Dismiss (**ECF 17**), e.g.:

   a. The Arbitration that resulted in the Award was conducted, with Elkland's agreement, on January 16-20, 2014, in Lexington, Kentucky. The parties' decision to arbitrate in Kentucky was deliberate and based on convenience. The contamination of the water

7

supply in Charleston, West Virginia was an accident – the decision to conduct the arbitration in Lexington, Kentucky, was not.

b. Elkland and Coaltrade (Elkland's representative) recruited Eagle's principals in 2008, in Kentucky, to enter into the contract mining relationship and substantially negotiated the CMA in Kentucky.

c. Elkland asserted counterclaims against Kentucky citizens in the Arbitration.

d. Over a period of five years, Elkland paid more than $200 million into Eagle's Kentucky bank account pursuant to the express requirements of the CMA.

e. Elkland's failure to pay the full amount due under the CMA caused substantial economic injury in Kentucky.

Elkland has already demonstrated its ability to assert its objections to the Award in this Kentucky Action in its already filed its Motion to Partially Vacate **(ECF 21)**; and Eagle has filed its Opposition to that motion **(ECF 23).** The duplicative and unnecessary proceedings in the West Virginia Action show the need for the first-to-file rule.

The confirmation of an arbitration award is supposed to be a summary proceeding and not simply another round of litigation after the arbitration hearing. By its nature, such confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. Professional Administrators, Ltd. v. Kopper-Glo Fuel, Inc., 819 F.2d 639, 642 (6th Cir. 1987) ("Arbitration is meant to be a quick and final resolution by which parties are bound. Moreover, an action to confirm the award should be a summary proceeding, not a proceeding in which the defendant seeks affirmative relief.").

For the reasons stated above, this Court should apply the first-to-file rule, deny Elkland's Motion to Stay, and proceed with deciding this case.

### E. Stay Factors.

While disregarding the statutory language of 9 U.S.C. § 12, and failing to cite even one case applying that statute, Elkland has suggested that this Court consider four factors used in analyzing a request to stay under FRCP 62. **(ECF 22-1, pp. 4-7).** These factors do not support Elkland's Motion. In addition, Elkland's treatment of the factors are untethered to reality (e.g., irreparable harm to Elkland *vis a vis* the deprivation of the opportunity to challenge the Award) or simply a re-hash of issues otherwise currently pending before this Court. Elkland's Motion to Stay should be summarily denied.

1. **Success on the Merits**.

Elkland is not likely to succeed on the merits of either its Motion to Dismiss **(ECF 15)** or its Motion to Partially Vacate **(ECF 21).** Eagle's Opposition to Elkland's Motion to Dismiss establishes that this Court has personal jurisdiction over Elkland and that Elkland is unlikely to succeed on that point. **(ECF 17).** But, in any event, it seems self-evident that a determination of this basic issue by the Court should proceed any consideration of a stay. Eagle's Opposition to Elkland's Motion to Partially Vacate also establishes that Elkland is unlikely to succeed in its effort to vacate the Award. **(ECF 23).**

The Arbitrator held that Elkland breached its obligations to Eagle under the CMA by using the wrong index base period in calculating index price adjustments. (**ECF 1-3;** pp. 7-10). Elkland does not challenge or seek to vacate that holding in its Motion to Partially Vacate. **(ECF 21).** Elkland now argues that its breach of the CMA took place in West Virginia (where it improperly calculated the index price adjustments) rather than in Kentucky (where it deposited the improperly calculated amounts into Eagle's Kentucky accounts). **(ECF 22-1,** pp. 5-6).

9

Elkland is arguing a peripheral point. The place of Elkland's uncontested breach of the CMA is not the primary factor establishing this Court's personal jurisdiction over Elkland. Rather, this Court's personal jurisdiction is established by Elkland's agreement to participate in the arbitration in Kentucky; its recruitment of Eagle's principals in Kentucky; its activities in negotiating the CMA in Kentucky; and its payment of many millions of dollars over five years into Eagle's Kentucky bank account; all in addition to the place of Elkland's breach of the CMA as may be determined by various legal analysis.

Elkland also cites Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co., 529 U.S. 193 (2000) in support of its argument that Eagle could not bring this Action to confirm the Award in Kentucky. (**ECF 22-1**, p. 6).

In Cortez Byrd Chips, the question before the Court was whether the venue provisions in the Federal Arbitration Act limit the venue for a motion to confirm, vacate or modify an arbitration award to only the district where the award was made. 529 U.S. at 195. The opposing argument was that the venue provisions are permissive, allowing a motion relating to an arbitration award to be filed either in the district where an award was made, or in any district proper under the general venue statute. Id. The Supreme Court held that the FAA venue provisions are permissive, rather than limiting, creating proper venue in either a district that would meet the general venue provisions or the district where the award was made. Id. at 203. No holding or statement in Cortez Byrd Chips conflicts with Eagle's filing in the Eastern District of Kentucky as a proper venue under the FAA.

Elkland is unlikely to succeed on the merits.

2. **No Injury to Elkland if Stay is Denied.**

Elkland will not suffer any injury if the stay is denied. Elkland has already filed its Motion to Partially Vacate **(ECF 21)** and Eagle has filed its Opposition to that Motion **(ECF 23).**

3. **Irreparable Injury to Eagle if Stay is Granted.**

Eagle will suffer substantial injury if this Kentucky Action is delayed. Eagle has significant financial problems and owes its creditors substantial sums. Elkland is well aware of these difficulties. In every aspect of their relationship, Elkland has tried to delay and deny payments owed to Eagle. Elkland's Motion to Stay, like the West Virginia Action, has the effect of increasing Eagle's costs and delaying both the entry of a judgment on the Award and the enforcement of that judgment. Any delay in deciding this Kentucky Action irreparably injures Eagle.

4. **Public Interest.**

The public interest supports the prompt resolution of this litigation, not continued delay.

**F.     Abeyance Issues.**

Eagle believes that the logical procedure for this Action include:

1. This Court's decision on Elkland's Motion to Dismiss.

2. Assuming this Court denies Elkland's Motion to Dismiss, Eagle expects to file a motion for summary judgment seeking a judgment on the Award.

3. This Court will then have all appropriate materials before it to decide both Eagle's motion for summary judgment and Elkland's Motion to Partially Vacate.

See Questar Capital Corp. v. Gorter, 909 F.Supp.2d 789, 809 (W.D. Ky. 2012) (court's consideration of competing applications to confirm and vacate an arbitration award in a summary proceeding based on motion practice).

11

26309/2/6734773v1

## CONCLUSION

For the reasons stated above, Eagle respectfully requests that this Court deny Elkland's Motion to Stay.

**Eagle Mining, LLC**

By: /s/ Gary W. Napier
       Counsel

Gary W. Napier
Drayer B. Spurlock
Napier & Associates, PSC
P.O. Drawer 5087
300 West Fifth Street
London, Kentucky 40745-5087
(606) 864-2263
gnapier@napierlawoffice.com
dspurlock@napierlawoffice.com

J. Scott Sexton (VSB 29284)
Gregory J. Haley (VSB 23971)
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, SE, Suite 800
Roanoke, VA 24011
540.983.9300
540.983.9400 (fax)
sexton@gentrylocke.com
haley@gentrylocke.com

    Counsel for Eagle Mining, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2014, I filed the foregoing with the Clerk through the CM/ECF system, which will send notification to:

David A. Owen
Jason T. Ams
BINGHAM GREENBAUM DOLL LLP
300 W. Vine Street, Ste. 1100
Lexington, KY 40507

Counsel for Elkland Holdings, LLC

/s/ Gary W. Napier