IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| EAGLE MINING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-CV-22776 |
| | ) | Judge Thomas E. Johnston |
| ELKLAND HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ELKLAND HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-CV-15043 |
| | ) | Judge Thomas E. Johnston |
| EAGLE MINING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO STAY PROCEEDINGS**

Elkland Holdings, LLC ("Elkland") respectfully moves this Court to stay two actions[1] pending before this Court until a final determination is reached in Case No. 2:14-cv-27210 in this Court ("the Reclamation Action") and Case No. 14-C-152 in Boone County, West Virginia ("the Mechanic's Lien Action"). In support of its motion, Elkland states as follows:

---

[1] On October 10, the Court, acting *sua sponte*, asked the parties to show cause why two companion cases, *Eagle Mining, LLC v. Elkland Holdings, LLC, et al.*, Case No. 2:14-cv-22776, and *Elkland Holdings, LLC v. Eagle Mining, LLC*, Case No. 2:14-cv-15043, should not be consolidated. *See* Docket No. 46, Case No. 2:14-cv-22776; Docket No. 27, Case No. 2:14-cv-15043. Elkland agrees that that the cases should be consolidated and filed a consent to that effect. At the time of this filing, however, these cases remain separate. Therefore, Elkland seeks to stay both cases and submits its motion and supporting memorandum in both cases.

1

1.      Elkland and Eagle entered into the CMA on February 1, 2009, pursuant to which Eagle, the Contractor, mined certain coal from Elkland's Cook Mountain Reserves in Boone County, West Virginia.

2.      In May 2013, Eagle initiated an arbitration proceeding against Elkland before the American Arbitration Association ("AAA") that was styled <u>In the Matter of:  Arbitration Under Contract Mining Agreement Dated February 1, 2009 Between Eagle Mining, LLC and Elkland Holdings, LLC</u>, AAA No.: 55-198-86-13 (the "Arbitration").  In relevant part, Eagle sought damages from Elkland, asserting that it had been underpaid for coal during the course of the contract (the "Base Price Adjustment Claim") and further asserting that Eagle lost profits when it was improperly prevented from mining in a certain area commonly referred to as the Twilight Reserves (the "Twilight Reserves Claim").

3.      The arbitration concluded in late January 2014.  On March 18, 2014, the Arbitrator entered an Award ("Award") of $23,382,521 in Eagle's favor.  Relevant to this motion, the assessed damages on the Base Price Adjustment Claim were $14,190,774, while the assessed damages on the Twilight Reserves claim were $8,955,038.  Because the Twilight Reserves were never actually mined, the second component totalling nearly $9 million related to work that was never done and, by extension, will require virtually no associated reclamation costs.

4.      After Elkland timely filed a Petition in this Court to vacate and/or modify the erroneous Award (Case No. 2:14-cv-15043), Eagle expressly disavowed its contractual reclamation obligations and has informed Elkland that it has no intention of honoring its ongoing duties under the CMA.

5.      Specifically, Eagle breached the parties' CMA by failing to 1) maintain necessary permits, 2) comply with all state, federal, and local laws and regulations, 3) abate conditions

resulting in noncompliance with any state, federal, or local law and regulation, 4) conduct reclamation activities, and 5) pay bond premiums.

6. Additionally, Hanover Resources, LLC and Legacy Resources, LLC have now filed the Mechanic's Lien Action against both Eagle and Elkland arising out of Eagle's failure to pay for mining-related labor services in the approximate amount of $2.8 million. Under the CMA, Eagle is responsible for bearing all costs associated with mining, including paying for labor, and is also responsible for defending and indemnifying Elkland from such lawsuits. Elkland has cross-claimed against Eagle in the Mechanic's Lien Action.

7. On October 23, 2014, Elkland filed its Complaint against Eagle in the Reclamation Action. *See* Complaint, Docket No. 1, Case No. 2:14-cv-27210. The Complaint and accompanying exhibits reveal Eagle's acknowledgment and repudiation of its reclamation obligations under the CMA.

8. A court has the inherent power to stay the proceedings on its docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Hewlett-Packard Co v. Helge Berg*, 61 F.3d 101, 105 (1st Cir. 1995). The inherent authority to stay for prudential reasons is often exercised when a related proceeding is pending in another tribunal. *Hewlett-Packard*, 61 F.3d at 105 (remanding to district court to consider stay in favor of international arbitration); *see also Marquis v. FDIC*, 965 F.2d 1148, 1154-55 (1st Cir. 1992) ("beyond cavil" that federal courts "possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention" and remanding case for district court to consider stay in favor of federal administrative claims review process); *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977) (district court had authority to stay proceedings pending entry of final judgment in class action involving other district courts).

9. Eagle has made numerous representations to Elkland that it is insolvent or near insolvency. Given the history of the Elkland-Eagle relationship, Eagle's claim of poverty should be viewed with great skepticism. Eagle was paid hundreds of millions of dollars over the course of the CMA.

10. If the Award is confirmed and Elkland is required to pay Eagle all or some portion of the Award (which Elkland denies would be appropriate), there is a great danger that Eagle will distribute the money to its members, forever disavow its reclamation obligations, and Elkland will be unable to recover from Eagle when Elkland obtains a judgment against Eagle in the Reclamation Action and/or the Mechanic's Lien Action.

11. Given that Eagle waited until after issuance of the Award to repudiate its obligations under the CMA, Elkland had no opportunity to raise Eagle's breach in the underlying arbitration so as to obtain a set-off against Eagle's award. Accordingly, Elkland requests that this Court stay these proceedings pending a final determination in the Reclamation Action and the Mechanic's Lien Action.

12. Alternatively, and only in the event the Court declines to stay these actions (which Elkland denies would be appropriate), Elkland requests that this Court defer entering judgment on any award until the resolution of the Reclamation Action and the Mechanic's Lien Action. *See Middleby Corp. v. Hussmann Corp.*, 962 F.2d 614, 616 (7th Cir. 1992) (affirming district court's order confirming arbitration award in favor of seller of business and against purchaser of business but declining to enter judgment until the conclusion of a pending lawsuit brought by purchaser against seller); *Companhia de Navegacao Maritima Netumar v. Armada Parcel Service*, No. 96 Civ. 6441, 1997 WL 16663, at *7 (S.D.N.Y. Jan. 17, 1997) (confirming arbitration award but staying enforcement of award pending arbitration for claims for set-off and other unresolved

claims).

WHEREFORE, Elkland respectfully requests that the Court enter an order staying these proceedings until a final determination is reached in Case No. 2:14-cv-27210 and Case No. 14-C-152 or, in the alternative, staying entry of any judgment entered in these proceedings until a final determination is reached in Case No. 2:14-cv-27210 and Case No. 14-C-152.

Respectfully submitted,

*/s/ John H. Tinney, Jr.*
John H. Tinney, Jr. (WV No. 6970)
John K. Cecil (WV No. 9155)
THE TINNEY LAW FIRM, PLLC
5 Greenbrier Street
Charleston, WV 25311
Phone: (304) 720-3310
Fax: (304) 720-3315
jacktinney@tinneylawfirm.com
jcecil@tinneylawfirm.com

THOMPSON COBURN LLP
Roman P. Wuller (admitted *pro hac vice*)
Christopher M. Hohn (admitted *pro hac vice*)
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
(314) 552-7000 Fax
rwuller@thompsoncoburn.com
chohn@thompsoncoburn.com

*Attorneys for Elkland Holdings, LLC*

**CERTIFICATE OF SERVICE**

       I certify that on the 29th day of October, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Gregory Joseph Haley
J. Scott Sexton
GENTRY LOCKE RAKES & MOORE
haley@gentrylocke.com
sexton@gentrylocke.com

James S. Crockett , Jr.
SPILMAN THOMAS & BATTLE
jcrockett@spilmanlaw.com

                                                */s/ John H. Tinney, Jr.*
                                             *An Attorney for Elkland Holdings, LLC*